NOROTON HEIGHTS FIRE DEPARTMENT *v.* VUONO-LIONE, INC.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued March 4—decision released April 1, 1975

*James V. Joy, Jr.,* for the appellant (plaintiff).

*William F. Hickey, Jr.,* for the appellee (defendant).

PER CURIAM. This is an appeal from a judgment of the Superior Court which denied the plaintiff's application to stay arbitration proceedings. The case arose from a dispute over the execution of a

contract for the reconstruction of the main floor concrete slab of the plaintiff's firehouse. It is the claim of the plaintiff that the defendant contractor violated provisions of the contract calling for the floor to be of green color and to be free of blemishes from poor workmanship. The contract provided for the arbitration of any claim or dispute "except those relating to artistic effect." As to "matters relating to artistic effect," it was provided that the architect's decision should be final "if consistent with the intent of the Contract Documents." The specifications provided that "six pounds of green color pigment would be added to each bag of cement to produce a deep green color of concrete." The architect-engineer on the project approved the defendant's bill for payment of the contract price plus extras of $300.

The court granted the defendant's motion that the parties proceed to arbitration of their dispute and denied the plaintiff's application to stay arbitration proceedings. The plaintiff has appealed, claiming error in the court's ruling that disputes over floor color and blemishes from defective workmanship are not excluded from the arbitration agreement as matters of "artistic effect."

The basic question, of course, is whether the contractor properly fulfilled its obligations under the contract, including among the specifications for the work the color achieved by compliance with those specifications. A dispute on these questions is clearly subject to arbitration under the terms of the parties' agreement while leaving any question as to the "artistic effect" to the decision of the architect.

We find no error in the court's ruling.

There is no error.